STATE, EX REL. JAMES G. EMERSON, RELATOR, V. ANTON BAUMAN, JR., SHERIFF, RESPONDENT.

FILED JUNE 11, 1910. No. 16,705.

Habeas Corpus: RETURN: REMAND: RECOGNIZANCE. Where, upon the return of the respondent to an order in habeas corpus, it appears without question that the petitioner stands charged in a court of competent jurisdiction with the commission of a bailable offense against the laws of this state, and the sureties on his recognizance fixed by the examining magistrate are for any cause released from liability, this court will not discharge the petitioner, but will remand him to the district court where such charge is pending, and require him to enter into a proper recognizance in such amount as this court shall deem reasonable for his appearance to answer to the charge there lodged against him.

ORIGINAL application for writ of habeas corpus. *Writ denied.*

*John W. Graham* and *Frank Dolezal*, for relator.

*J. C. Cook* and *Loomis & Maynard, contra.*

BARNES, J.

Original application for a writ of habeas corpus.

It appears from the pleadings and affidavits before us that the petitioner, James G. Emerson, was arrested at Arlington, Nebraska, on the 26th day of May, 1910, on a charge of forging a bank check for $492 and having it cashed by the Commercial National Bank of Fremont, which is situated and doing business in that city in Dodge county, Nebraska, and he was thereupon lodged in the county jail of that county. At the time of his arrest the petitioner was searched, the money which he had obtained upon the forged check was found upon his person

and was returned to the bank. He was again searched, and there was found secreted in his clothing the sum of $5,200 in currency, which the sheriff took into his possession. That money, however, was afterwards turned over to his attorneys. Complaint was duly filed before the county judge of Dodge county on the 28th day of May, 1910, charging petitioner with the crime of forgery and uttering the forged instrument. To this complaint he pleaded not guilty, waived his preliminary examination, and was bound over for his appearance at the next term of the district court for Dodge county, with bail fixed at the sum of $2,500. The state insisted that the amount of bail required was insufficient to secure the petitioner's attendance to answer the charges preferred against him, and objection was also made to the financial responsibility of the security tendered. The objections were overruled, the bond was approved by the examining magistrate, and the petitioner was discharged. He was immediately rearrested upon suspicion of his having committed another crime in the state of Iowa. Sufficient evidence was not procured to warrant his detention upon that charge, and he therefore petitioned the district court for a writ of habeas corpus. A hearing was had thereon, the writ was awarded, and he was discharged. While that matter was pending before the district court the county attorney filed a transcript of the proceedings before the county judge upon the petitioner's preliminary examination on the charge of forging and uttering the forged instrument, and immediately upon his discharge under the writ of habeas corpus he was again arrested, or taken into custody by the state, pending a hearing upon a motion which had been filed by the county attorney in the district court to increase the bond theretofore fixed by the examining magistrate to a sum sufficient to secure his attendance at the next term of the court to answer to the complaint, and also to require other and further sureties on the bond. The petitioner filed objections to the jurisdiction and to the competency of the judge then presiding in the district

court, which at that time was in session, and thereupon
the hearing upon the motion or motions above mentioned
was continued until such a time as the other judge of that
district could reach Fremont, pending which time the
presiding judge ordered the petitioner to give an addi-
tional bond of $1,500, which he failed to do, and imme-
diately thereafter commenced this proceeding.

Counsel for the petitioner strenuously contend that the
order of the examining magistrate fixing the amount of
the petitioner's bond, and approving the surety thereto,
was a final order which rendered the whole matter *res
judicata,* and the district court was without power or au-
thority to increase the amount of bail or require the giv-
ing of additional security. We think this contention is
beside the mark. It appears from the application in this
case that the petitioner stands charged before the district
court for Dodge county with the commission of a bailable
offense, and we are of opinion that the state, by rearrest-
ing the defendant and taking him from the custody of his
surety upon the bond fixed and approved by the examin-
ing magistrate, has released the surety thereon. Therefore
the petitioner is now before us charged with a bailable
offense against the criminal laws of this state, without
bond.

It is provided by section 358 of the criminal code re-
lating to habeas corpus that, "When the said judge shall
have examined into the cause of the caption and deten-
tion of the person so brought before him, and shall be
satisfied that the person is unlawfully imprisoned or de-
tained, he shall forthwith discharge such prisoner from
said confinement. And in case the person or persons
applying for such writ shall be confined or detained in a
legal manner, on a charge of having committed any crime
or offense, the said judge shall, at his discretion, commit,
discharge, or let to bail such person or persons, and if the
said judge shall deem the offense bailable, on principles
of law, he shall cause the person charged as aforesaid to
enter into recognizance, with one or more sufficient securi-

ties, in such sum as the judge shall think reasonable, the circumstances of the prisoner and the nature of the offense charged considered, conditioned for his appearance at the next court where the offense is cognizable; and said judge shall certify his proceedings, together with the recognizance, forthwith, to the proper court; and if the person or persons charged as aforesaid shall fail to enter into such recognizance, he or they shall be committed to prison by such judge." Having examined the showing made upon this application in compliance with the provisions of the section above quoted, we are of opinion that it is our duty to require the petitioner to appear at the next term of the district court for Dodge county to answer to the charge there lodged against him; and we are of the further opinion that under all the circumstances of this case the amount of his recognizance should be, and is hereby, fixed at the sum of $4,000.

It is therefore ordered that the petitioner's application to be discharged from custody be, and the same is hereby, denied; and he is remanded to the custody of the sheriff of Dodge county to answer to the charge contained in the complaint lodged against him in the district court for that county, and upon his giving a suitable recognizance in the sum of $4,000, with surety to be approved by that court, or any judge thereof, the petitioner will be released; but upon a failure to give such recognizance he shall be committed to the jail of Dodge county and there remain to await the further action of the district court, or until such time as he shall be lawfully discharged from custody.

JUDGMENT ACCORDINGLY.